# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| First Nonprofit Insurance Company, | ) | CASE NO: 5:16CV2858 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Summit County Children Services, et al., | ) | |
| | ) | (Resolving Doc. 25) |
| Defendants. | ) | |

Pending before the Court is a motion to dismiss this matter as moot filed by Defendants Summit County Children Services and John Saros. Doc. 25. Plaintiff First Nonprofit Insurance Company ("FNIC") has opposed the motion, and Defendants have replied. Upon consideration, the motion is GRANTED.

This Court is one of limited jurisdiction. K*okkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If subject matter jurisdiction is lacking, this Court cannot adjudicate the action. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). In that regard, the Declaratory Judgment Act authorizes federal courts to render declaratory relief in cases of "actual controversy." 28 U.S.C. §

2201(a). The Supreme Court has defined case of actual controversy to mean one that is "definite and concrete, touching the legal relations of parties having adverse legal interests," and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation and quotations omitted). The Supreme Court has summarized this test as requiring a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

In the instant matter, FNIC filed its complaint for declaratory relief on November 23, 2016. In its complaint, FNIC sought a declaration that it had no duty to defend nor indemnify the Summit County defendants in the *Brack* litigation that remains pending in the Summit County Court of Common Pleas. The question before this Court is whether a live controversy remains in this litigation following the withdrawal of the demand for defense and indemnity.

The parties appear to agree that the Summit County defendants have withdrawn their request for defense and indemnity in some manner. However, the parties do not appear to agree on whether the defendants have reserved the right to re-tender the claim. Upon review, the Court finds that the Summit County defendants have withdrawn their demand for defense and indemnity in totality. "Children Services unequivocally withdrew its demand for defense and indemnity coverage relating to the Brack Litigation." Doc. 32 at 1. It appears that the only right "reserved" by these defendants is

the right to assert coverage *under a different policy or insuring a different insured* in the event that the *Brack* litigation is consolidated in the future with a claim under which coverage does exist.

The complete withdrawal of the demand for defense and indemnity coupled with the assertion that no future re-tender of the claim will be made directly under the policy at issue, the Court finds that no live controversy exists. *See Selective Ins. Co. of S.C. v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 734 (N.D. Ill. 2011) (dismissing a declaratory judgment action following the withdrawal of the demand for defense and indemnity). Moreover, the facts herein are stronger than those presented in *Phusion Projects.* In that matter, the demand was only currently withdrawn with no guarantee that it would be reasserted in the future. Despite that fact, dismissal was found to be warranted. *Id.* Herein, the withdrawal of the demand was coupled with an agreement that the claim would not be re-tendered. As such, the issue presented in this case – whether freestanding coverage for the *Brack* litigation exists – will never need to be decided by any court. Accordingly, there is no live controversy between the parties. Defendants' motion to dismiss is therefore GRANTED.

IT IS SO ORDERED.

December 5, 2017           /s/ *Judge John R. Adams*
Date           JUDGE JOHN R. ADAMS
          UNITED STATES DISTRICT COURT